**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SM FINANCIAL SERVICES CORPORATION, AS ASSIGNEE OF NEIGHBORS GP, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BLUE CROSS BLUE SHIELD OF TEXAS,<br><br>　　　　　　　Defendant. | Civil Action No. 19-17497 (MAS) (ZNQ)<br><br>**MEMORANDUM ORDER** |

　　This matter comes before the Court upon Defendant Health Care Service Corporation d/b/a Blue Cross and Blue Shield of Texas's ("Defendant") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (ECF No. 7.) Plaintiff SM Financial Services Corporation ("Plaintiff") responded (ECF No. 10) and filed a Cross-Motion to Transfer Venue ("Cross-Motion") (ECF No. 11). Defendant filed a reply and opposed Plaintiff's Cross-Motion. (ECF No. 13.) The Court has carefully the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth in this Memorandum Order, the Court transfers this action to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1631.

　　Plaintiff is a New Jersey corporation. (Compl. 1, ECF No. 1.) "Defendant is a corporation having an address of 1001 E. Lookout Drive, Richardson, Texas 75082." (*Id.*) Plaintiff initiated this action as the assignee of Neighbors GP, LLC's receivables. (*Id.*) Plaintiff alleges that Defendant, accordingly, owes it $2,358,063.48 for monies due from Neighbors GP, LLC's emergency centers located in the State of Texas. (*Id.* at 2.)

Defendant moves to dismiss for lack of personal jurisdiction.[1] (*See* Def.'s Moving Br., ECF No. 7-2.) To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish "a prima facie case of personal jurisdiction" and "establish[] jurisdictional facts through sworn affidavits or other competent evidence." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97, 101 n.6 (3d Cir. 2004) (citations omitted). "[T]he plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in [her] favor." *Id.* at 97.

Here, "Plaintiff recognizes that . . . Defendant may not have offices in New Jersey and[,] therefore, . . . Plaintiff leaves . . . Defendant to its proofs on this point." (Pl.'s Opp'n Br. 3, ECF No. 10.) Plaintiff instead requests that, if the Court finds it lacks jurisdiction over Defendant, the Court transfers the action, rather than dismissing it. (*Id.* at 6.) Plaintiff, therefore, makes no attempt to establish a prima facie case for personal jurisdiction and points to no jurisdictional facts that would allow the Court to exercise jurisdiction over Defendant. The Court, accordingly, finds that it lacks jurisdiction over Defendant and considers whether transfer to a Texas district court is appropriate. (Pl.'s Opp'n Br. 6–7.)

Under § 1631, when jurisdiction is lacking, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (noting that section 1631 permits transfer where the court lacks personal jurisdiction). To affect a transfer pursuant to § 1631, a court must find that (1) the action "could have been brought" in the transferee district and (2) transfer is in the interest of justice. *See,*

---

[1] Defendant also moves to dismiss for failure to state a claim. The Court does not reach this issue.

*e.g.*, *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 109 (3d Cir. 2009).

First, this action "could have been brought" in the Northern District of Texas because the Northern District of Texas could exercise jurisdiction over Defendant. "[T]he Texas Long Arm Statute is coextensive with the confines of due process." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003). "General jurisdiction may be asserted when a defendant's contacts with [Texas] are substantial and continuous and systematic but unrelated to the instant cause of action." *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (internal quotations omitted). "The residency of a defendant in [Texas] routinely creates such systematic and continuous contact." *Religious Tech.*, 339 F.3d at 374.

Defendant has an office in Richardson, Texas. (Compl. 1.; *see also* Def.'s Moving Br. 1–2.) Moreover, Defendant acknowledges that Texas courts would have jurisdiction over it. (Def.'s Feb. 6, 2020 Correspondence ("Plaintiffs may raise its merits arguments in a Texas court, where jurisdiction is proper."), ECF No. 17.) Defendant also concedes that venue is proper in the Northern District of Texas, Dallas Division, as "the federal district embracing Richardson, Texas, where Blue Cross and Blue Shield of Texas maintains offices." (Def.'s Reply Br. 6 n.4 ("Should the Court nonetheless elect to transfer, the proper venue is the Dallas Division of the Northern District of Texas . . . ."), ECF No. 13.); 28 U.S.C. § 1391(b)(1) (stating venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). For these reasons, the Court finds that this matter could have been brought in the Northern District of Texas, Dallas Division.

Second, transfer is appropriate in the interest of justice. "Normally transfer will be in the interest of justice because [] dismissal of an action that could be brought elsewhere is 'time-

consuming and justice-defeating.'" *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). Defendant argues that "Plaintiff should not be awarded for starting this action in the wrong state" and that the matter should be dismissed as the court did in *McFarland v. Memorex Corp.*, 493 F. Supp. 657, 660 (N.D. Cal. 1980). (Def.'s Reply Br. 6.) The *McFarland* court, however, found it "unjust to transfer the complaint to three other districts and require these defendants to argue separate motions to dismiss on the merits" where "[the] complaint ha[d] not survived [a] motion[] to dismiss on the merits." 493 F. Supp. at 659–60. This consideration is not before the Court—the Court has not decided on any motion to dismiss. That Plaintiff initiated suit in the wrong court alone is insufficient to preclude transfer in the interest of justice. For these reasons, the Court finds that transfer under § 1631 is appropriate.

Based on the foregoing, and for other good cause shown,

**IT IS** on this 16th day of July 2020 **ORDERED** that:

1. Plaintiff's Cross-Motion to Transfer (ECF No. 11) is **GRANTED**.

2. The Clerk of the Court shall **TRANSFER** this action to the United States District Court for the Northern District of Texas, Dallas Division.

3. The Clerk of the Court shall **CLOSE** this case.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**